UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
DENNIS W. QUIRK, Individually and as President of and on behalf of the
NEW YORK STATE COURT OFFICERS ASSOCIATION,

                              Plaintiffs,      **VERIFIED COMPLAINT**
                                       **AND JURY DEMAND**

          -against-                      7:20 CIV. 5027

HONORABLE JANET DiFIORE, Chief Judge of the
State of New York and the NEW YORK STATE
OFFICE OF COURT ADMINISTRATION,
JOHN DOES 1-5,

                              Defendants.
_____x

## JURISDICTION AND VENUE

1.     The Jurisdiction of this court is invoked pursuant to The Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. §§ 1981 and 1983, the First and Fourteenth Amendments of the United States Constitution, 29 CFR 1910 and pendent claims under the Constitution and Laws of the State of New York.

2.     Venue is appropriate in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) (2), because "a substantial part of the events or omissions giving rise to the claim occurred" in this District.

## THE PARTIES

3.     Plaintiff, Dennis W. Quirk, is a New York State Court Officer and the duly elected President of the New York State Court Officers Association (COA), a labor UNION

1

having a principle place of business at 321 Broadway, Suite 600, New York, NY 10007 (UNION).

4. The UNION represents approximately 1,500 Court Officers assigned to ensure the safety of all state courts and court employees against unauthorized, illegal and potentially life-threatening activities.

5. COA members are sworn New York State Peace Officers, who have historically performed law enforcement functions substantially similar to that of sworn police officers.

6. The herein labor UNION is charged with representing the interests of all COA members as to the terms and conditions of employment and regarding the health and welfare of its members. The UNION vigorously supports safety in the workplace and is actively involved in ensuring that its members are provided with a work environment that is protected from unnecessary dangers and hazards.

7. Defendant, Honorable Janet DiFiore, is the Chief Judge of the State of New York and the head of the New York State Office of Court Administration. Defendant is responsible for promulgating rules and regulations that protect the state judiciary, its employees and institutions and the safe use of those institutions by the general public. Specifically, defendant is charged with creating and evaluating policies that address safety measures related to the spread of COVID-19 in state courthouses that is hazardous to the health or safety of the state judiciary, its employees and the general public. JOHN DOES 1-5 are individuals at this time working at the direction of Defendant DiFiore pursuant to the incidents and allegations contained herein.

8. The Office of Court Administration (OCA) is the executive branch of the state court system that enforces the rules and regulations of the Chief Judge.

9. Upon information and belief, throughout the events hereinafter described, Defendant DiFiore was acting in the course of her duties and functions and within the scope of her employment with New York State and/or OCA.

10. Upon information and belief, Defendant DiFiore implemented the policies, practices and customs of the New York State OCA complained of herein.

## FACTS

11. Plaintiff Court Officers are employed by the New York State Office of Court Administration, represented by the New York State Court Officer's Association ("UNION").

12. Plaintiff Dennis W. Quirk is the duly elected President of the UNION.

13. In his capacity as UNION President, Dennis W. Quirk beginning in November 2018 continuing to January 2019 submitted requests pursuant to the New York Freedom of Information Law (FOIL) seeking the lawful production of documents regarding the budget and expenditures of the New York State Court of Appeals. See Exhibit 1.

14. Further, in his capacity as UNION President, and as a sworn New York State Court Officer, Dennis W. Quirk has continued to vigorously object to the complete failure of Defendants to provide a safe working environment by properly cleaning and sterilizing the Court Officers work environment, establishing safety protocols for the continuance of cleaning and sterilization of the work place environment or to provide the UNION members with suitable Personal Protective Equipment (PPE) in their front line capacity as Court Officers confronting COVID-19 and the reopening of the New York State Courthouses.

3

15. During the course of Plaintiffs' employment with Defendant and as UNION President, Plaintiff Dennis W. Quirk sought to FOIL documents regarding the budget and expenditures of the New York State Court of Appeals as he had concerns of improper spending within the Court system which would take funding away from property safety measures within the Court system and created a substantial and specific danger to the public health or safety.

16. Defendants have never, to date, responded to the aforementioned FOIL requests.

17. During the course of Plaintiffs' employment with Defendant and as UNION President, Plaintiff Dennis W. Quirk has consistently and vigorously objected to the lack of PPE and properly sterilized work areas for UNION members to combat the very clear and present danger COVID-19 issues have manifested within the court system as Court's began to reopen.

18. As a result of the failure of Defendants to provide PPE to UNION members and properly sterilized work areas within the Court system, UNION members have been, and continue to be, exposed to COVID-19 and have in fact contracted coronavirus and have died as a result of said failure.[1]

19. As a result of Plaintiff Dennis W. Quirk's vocal and lawful representation of UNION members and his strenuous objections to the lack of PPE, failure of Defendants to properly sterilize work areas for UNION members and the FOIL of Court budget and expense documents, Defendants undertook a course of conduct under color of state law to silence Dennis W. Quirk by threatening him with disciplinary action, seeking to infringe upon his advocacy for his members, infringe upon his right to free speech and limit his free association with his members by attempting to effectively remove him from office.

20. Plaintiff Dennis W. Quirk became aware of an activity, policy or practice of Defendant that violated a law, rule or regulation and created a substantial and specific danger to the public health or safety. As a result of Plaintiff Dennis W. Quirk's continuance in his unwavering lawful public objections to said public health or safety concerns, Defendant's infringed upon Dennis W. Quirk's protected speech and the association of the UNION by subjecting him to disciplinary action, threatening him with suspension from employment and possible termination from employment, with the goal of creating a chilling effect upon the UNION to associate and/or effectuate their First Amendment right to protected speech.

21. The activity of Defendant of which Plaintiff became aware was:

a) failing to properly clean/sterilize the working and common areas within the New York State courthouse to ensure a safe working environment for UNION members and other individuals entering the courthouses, including judges, attorneys, court personnel and litigants;

b) failing to provide adequate PPE to UNION members working within New York State Courthouses;

c) wastefully spending OCA funds thereby detracting from the provision of safe work environments for UNION members;

d) engaging in acts of intimidation upon UNION activities, particularly the action of UNION President Quirk, with an intent to chill the advocacy for safety measures to be provided by Defendants to UNION members.

---

[1] Upon information and belief, to date, one (1) Court Officer and two (2) Court Assistants (also members of the NYSCOA Union) and three (3) New York State Court Judges have died from Covid-19.

22. After bringing the aforementioned practices to light and challenging the actions of Defendants, UNION President Quirk has been threatened with disciplinary action by Defendants, including an interrogation, threat of suspension and possible termination from employment.

23. Defendant's actions, policies and/or practices have created a substantial and specific danger to the public health and safety in that they have created a breeding ground for and spread of COVID-19.

24. On or about March 12, 2020 and continuing to date, Plaintiff UNION President Quirk disclosed the activity, policy and/or practice of Defendant described above to Defendant DiFiore. See, Exhibit 2.

25. Defendant has refused, or otherwise failed, to provide Personal Protective Equipment (PPE) to Plaintiffs herein in respect to issues surrounding COVID-19.

26. Defendant has refused, or otherwise failed, to train Plaintiffs with respect to the use, maintenance, care for or disposal of PPE with respect to issues surrounding COVID-19.

27. Upon information and belief, during all times mentioned herein, the Defendants herein were acting under color of law.

28. Upon information and belief, Defendant maintains a pattern, policy and/or practice, officially or unofficially, written or unwritten, designed to restrict, limit or deny the free association and protective speech of Plaintiff Dennis W. Quirk, individually and as the UNION President and amongst UNION members.

29. To date, OCA has failed to provide the COA members with sufficient PPE gear to address health and safety concerns with respect to issues surrounding COVID-19.

6

30. To date, OCA has failed to properly inspect and establish protocols within New York State Courthouses for continual monitoring and disinfecting of the New York State Courthouses to address health and safety concerns with respect to issues surrounding COVID-19.

## CAUSES OF ACTION

## AS AND FOR A FIRST CAUSE OF ACTION

31. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

32. By their conduct and under color of law, federal and state, Defendants deprived Plaintiffs of their First and Fourteenth Amendment rights to free speech and freely associate with others.

33. Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## AS AND FOR A SECOND CAUSE OF ACTION

## 42 U.S.C. § 1983 CONSPIRACY

34. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

35. Defendants, acting under color of federal and state law, conspired with one another to deprive Plaintiffs of their constitutional rights, including the rights to free speech and free association.

36. As part of the conspiracy, the Defendants did, without cause or justification, among other acts, subject Plaintiff Dennis W. Quirk to a disciplinary interrogation, threaten him with suspension and possible termination of employment in an effort to deny his individual right of free speech and UNION members representation and protection with respect to the failure of Defendants to provide safety within New York State Courthouses in response to COVID-19 safety and health concerns in violation Plaintiffs' rights, privileges and immunities as guarantees under the United States Constitution, under 42 U.S.C. § 1983 and under the constitution and laws of the State of New York.

37. Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00). Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## AS AND FOR A THIRD CAUSE OF ACTION

### Imminent and Substantial Endangerment

38. Plaintiff repeats and realleges each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

39. The actions and/or lack thereof of the OCA, as particularly described above, have contributed and are continuing to contribute to the unsafe conditions within the New York State Court system as to present an imminent and substantial endangerment to health and safety of Plaintiffs, as well as other persons within New York State Courthouses.

40. Because of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, believed to be in excess of One Million Dollars ($1,000,000.00).

Additionally, Plaintiff seeks punitive damages in the amount of Two Million Dollars ($2,000,000.00).

## AS AND FOR A FOURTH CAUSE OF ACTION
### Violation of
### New York State Labor Law § 740

41. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

42. Section 740 of the New York Labor Law, commonly referred to as the "whistleblower" statute, specifically prohibits retaliatory personnel actions by employers against employees who disclose, object to, or refuse to participate in an unlawful activity, policy or practice of the employer that endangers the public health or safety.

43. Plaintiff UNION President Quirk revealed, objected to and refused to participate in, or have the UNION members participate in, the activity, policy and/or practice of Defendant described above.

44. Subsequent to Plaintiff UNION President Quirk's disclosure of, objection to and refusal to participate in Defendant's activity, policy and/or practice of Defendant described above, Defendant retaliated against Plaintiff in the terms and conditions of Plaintiff's employment by interrogating him, threatening him with suspension from employment and threatening him with possible termination from employment.

45. Defendant effectuated said adverse employment action against Plaintiff because Plaintiff revealed, objected to and refused to participate in, or have the UNION members participate in, the activity, policy and/or practice of Defendant described above. that endangered the public health or safety.

## AS AND FOR A FIFTH CAUSE OF ACTION

46. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

47. 29 CFR 1910.132 (a) specifically requires Defendant to provide to Plaintiffs herein personal protective equipment for eyes, face, head, and extremities, protective clothing, respiratory devices, and protective shields and barriers, shall be provided, used, and maintained in a sanitary and reliable condition wherever it is necessary by reason of hazards of processes or environment, chemical hazards, radiological hazards, or mechanical irritants encountered in a manner capable of causing injury or impairment in the function of any part of the body through absorption, inhalation or physical contact.

48. Defendant has refused, or otherwise failed, to provide such PPE to Plaintiffs herein with respect to issues surrounding COVID-19.

## AS AND FOR A SIXTH CAUSE OF ACTION

49. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

50. 29 CFR 1910.132 (f) specifically requires Defendant to provide training to each employee who is required by this section to use PPE. Each such employee shall be trained to know at least the following:

   (i) When PPE is necessary;

   (ii) What PPE is necessary;

   (iii) How to properly don, doff, adjust, and wear PPE;

   (iv) The limitations of the PPE; and,

    **(v)** The proper care, maintenance, useful life and disposal of the PPE.

51. Defendant has refused, or otherwise failed, to train Plaintiffs with respect to the use, maintenance, care for or disposal of PPE with respect to issues surrounding COVID-19.

**AS A FOR A SEVENTH CAUSE OF ACTION**
**Public Nuisance**

52. Plaintiffs repeat and reallege each and every allegation set forth in the paragraphs above with the same force and effect as if set forth in full herein.

53. The actions of the OCA concerning the failure to properly disinfect New York State Courthouses and take remedial measures to ensure the safety of UNION members and other individuals while within New York State Court facilities.

54. The COA, as representative of approximately 1,500 COA members, asserts that its members who have or who may come into contact with COVID-19 have suffered special injuries.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiffs respectfully request this Court grant the following relief:

    A.    Award plaintiff compensatory and punitive damages;

    B.    Award plaintiff its costs, including reasonable attorney's fees, technical consultant fees and expert witness fees as authorized by 42 U.S.C. § 6972(e), including said fees and expenses incurred or to be incurred by plaintiff to insure compliance with the terms and conditions of any settlement or judgment in this action;

    C.    Retain jurisdiction in this action for two years after the OCA achieves

compliance with all the terms and conditions of any settlement or judgment in this action; and

D. Award such other relief as this Court may seem just, proper and equitable.

Dated: White Plains, New York
June 30, 2020

Respectfully submitted,

Pat Bonanno & Associates, P.C.

By: Pat Bonanno, Esq. (PB8549)
Attorneys for Plaintiff
175 Main Street
White Plains, NY 10601
pbacounsel@gmail.com
(914) 48-5545 (Phone)
(866) 777-1418 (Facsimile)

## VERIFICATION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
**DENNIS W. QUIRK**, Individually and as President of and on behalf of the
NEW YORK STATE COURT OFFICERS ASSOCIATION,

                                    Plaintiffs,

               -against-                                        ____ CIV. ____

HONORABLE JANET DiFIORE, Chief Judge of the
State of New York and the NEW YORK STATE
OFFICE OF COURT ADMINISTRATION,
JOHN DOES 1-5,

                                    Defendants.
-----------------------------------------------------------x

STATE OF NEW YORK    )
                                ) SS:
COUNTY OF NEW YORK  )

       **DENNIS W. QUIRK**, being duly sworn deposes and says: that the deponent has read the foregoing Complaint and knows the contents thereof; that the said is true to deponent's own knowledge except as to the matters therein stated to be alleged upon information and belief and as to those matters deponent believes it to be true.

                                                              _____
                                                              **DENNIS W. QUIRK**  (Plaintiff)

Sworn to before me on this
30TH day of June, 2020

_____
Notary Public

                                               PATSY BONANNO
                                    Notary Public, State of New York
                                        No. 02BO5056028
                                      Qualified in Putnam County
                                  Commission Expires Feb. 28, 2022