UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――x
**DENNIS W. QUIRK**, Individually and as President of and on behalf of the
NEW YORK STATE COURT OFFICERS ASSOCIATION,

                                     Plaintiffs,

                -against-                                  20 CIV.5027 (JPO)

HONORABLE JANET DiFIORE, Chief Judge of the
State of New York and the NEW YORK STATE
OFFICE OF COURT ADMINISTRATION,
JOHN DOES 1-5,

                                    Defendants.
―――――――――――――――――――――――――――x

## DECLARATION OF NEW YORK STATE COURT OFFICER MARK DEVITO

Pursuant to 28 U.S.C. § 1746, MARK DEVITO, hereby declares under penalty of perjury as follows:

1. I am a New York State Court Officer employed by the above Defendant, New York State Office of Court Administration. I am also a member in good standing and elected Union Delegate of the above Plaintiff, New York State Court Officers Association. In my capacity as a New York State Court Officers Association Union Delegate I am assigned to represent union members working in New York State Court facilities located at the following locations:

    Richmond County Criminal Court, 26 Central Ave, Staten Island, NY 10301; and

    Richmond County Supreme Court, 26 Central Ave, Staten Island, NY 10301.

2.  I have reviewed the Verified Complaint of <u>Dennis W. Quirk v. Honorable Janet DiFiore, et al.</u>, the June 30, 2020 memorandum from John W. McConnell regarding "Coronavirus-Screening of Courthouse Visitors," Plaintiff's Motion for Temporary Restraining Order and a Preliminary Injunction, the Joint Memorandum of Law in Opposition to Plaintiff's Motion for a Temporary Restraining Order and a Preliminary Injunction, the Declarations of Michael Magliano and John W. McConnell and all the Exhibits annexed thereto.

I make this statement upon personal knowledge based upon my recent physical appearances at the above referenced New York State Court facility locations and upon information and belief, that being complaints I have received from other union members concerning the lack of and failure by the herein Defendants to enact and adhere to standards of safe operation of the Courts in light of Covid 19. This utter abdication of responsibility by the Defendants is continuing to place New York State Court Officers at a heightened risk of imminent and irreparable harm, hence I make this statement in Support of Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction.

3.  In the first instance, the Declarations of both Michael Magliano and John W. McConnell articulating the implementation of Covid 19 safety protocols are woefully inaccurate. In fact, I have personally observed the following:

The complete absence of Plexiglas located at the security checkpoint, known as the magnetometers. Criminal Court has been operating and open to the public with no special precautions taken to ensure the officers safety. After the court user has a temperature check they proceed to the magnetometer for security check. It is at this point there is no barrier, and an officer will handle the subject's belongings. If a user receives a positive indication for metal, a

handheld scanner is used. This requires the officer and the user to be within an extremely close distance with no barrier for safety.





Security desk have been given Plexiglas partitions but only partially been covered. This still leaves areas when the officers and public interact unprotected.



Moreover, in my capacity as Union delegate I have been informed by other union members of the following:

There are only a few courtrooms that have been given plexiglass barriers. These barrires are located primarily within the Judges bench area. Barriers which should be seperating the audience from the wokring area of the courtroom ( know as the well ) is noticably absent.

Some other concerns that the members have brought to my attention is that officers will come to work earlier than the shift reqiures to change into thier uniform as to keep a distance in the locker room.

As union delegate I also represent members whose title is Court Assistant. I have been told that within thier work area plexiglass partions on some of the workstaions have not been installed.

Clearly the policies and procedures outlined in both Mr. Magliano's and Mr. McConnell's Declarations are aspirational at best and do not accurately reflect the current state of inherent and potentially life threatening risks to not only New York State Court Officers, but also to the Judiciary, the entire Court Family and the general public.

August 17, 2020

_____
MARK DEVITO

7