UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

DENNIS W. QUIRK, as president of and on behalf of the
New York State Court Officers Association,

                Plaintiff,                Case No. 20 Civ. 5027 (JPO)

      -against-                **REPLY DECLARATION OF JAMES M. THOMPSON IN SUPPORT OF CHIEF JUDGE DIFIORE'S MOTION TO DISMISS AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND**

HONORABLE JANET DIFIORE, Chief Judge of the
State of New York, NEW YORK STATE OFFICE OF
COURT ADMINISTRATION, and JOHN DOE 1-5,

                Defendants.
------------------------------------------------------------------X

I, James M. Thompson, hereby declare as follows, pursuant to 28 U.S.C. § 1746:

    1.    I am a member of the Bar of the State of New York and am admitted to practice in this District. I serve as an Assistant Attorney General in the Office of Letitia James, the Attorney General of the State of New York. I represent Chief Judge Janet DiFiore ("Chief Judge DiFiore") in her individual capacity in this matter.

    2.    I submit this Reply Declaration in further support of Chief Judge DiFiore's motion to dismiss, ECF No. 65, and in opposition to the Plaintiff's recently-filed motion to amend, ECF No. 72, for the limited purpose of providing the Court with a collective bargaining agreement cited in the accompanying memorandum of law. The collective bargaining agreement is subject to judicial notice because it is a public document "whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2); see Cox v. Perfect Bldg. Maint. Corp., No. 16 Civ. 7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017) ("courts have regularly taken judicial notice of . . . collective bargaining agreements in considering a motion to dismiss"); see, e.g., Richardson v. N.Y. City Bd. of Educ., 711 F. App'x. 11, 13-14 (2d Cir. 2017) (taking

judicial notice of two collective bargaining agreements when reviewing dismissal of employment case).

3.  The agreement is not improperly submitted for the first time on reply because it was discussed in Chief Judge DiFiore's moving brief, see ECF No. 66 at 22 n.9, and because it is offered in response to the Plaintiff's newly-raised argument regarding adding a cause of action under New York Civil Service Law § 75-b in a hypothetical amended pleading.

4.  Attached as Exhibit 1 are relevant excerpts from the currently-applicable Collective Bargaining Agreement between the Unified Court System and the New York State Court Officers Association.  The document was obtained from the files of the New York State Office of Court Administration.

5.  I hereby declare under penalty of perjury that the foregoing statements are true and correct.

Dated: May 14, 2020

James M. Thompson