**AGREEMENT**

between the

**STATE OF NEW YORK - UNIFIED COURT SYSTEM**

and

**THE NEW YORK STATE COURT OFFICERS ASSOCIATION**

2011-2021

TABLE OF CONTENTS

| Article | | Page |
|---|---|---|
| 1 | RECOGNITION | 1 |
| 2 | STATEMENT OF POLICY AND PURPOSE | 1 |
| 3 | UNCHALLENGED REPRESENTATION | 2 |
| 4 | EMPLOYEE ORGANIZATION RIGHTS | 2 |
| | 4.1 Exclusive Right to Negotiate | 2 |
| | 4.2 Bulletin Boards | 2 |
| | 4.3 Meeting Space | 3 |
| | 4.4 Access to Employees | 3 |
| | 4.5 Employee Lists | 3 |
| | 4.6 Job Descriptions | 3 |
| | 4.7 Employee Organization Leave | 3 |
| 5 | MANAGEMENT RIGHTS | 6 |
| 6 | NO STRIKES | 6 |
| 7 | COMPENSATION | 6 |
| 8 | HEALTH INSURANCE | 15 |
| 9 | TIME AND LEAVE | 16 |
| | 9.1 Attendance | 16 |
| | 9.2 Annual Leave | 18 |
| | 9.3 Sick Leave | 20 |
| | 9.4 Workers' Compensation Leave | 28 |
| | 9.5 Other Leaves With Pay | 35 |
| | 9.6 Leaves Without Pay | 38 |
| | 9.7 Payment of Accruals Upon Separation | 39 |
| | 9.8 Written Agreement Required for Transfer of Leave Credits | 40 |
| | 9.9 Holidays | 40 |
| | 9.10 Holiday Pay | 40 |
| | 9.11 Holiday Falling on Saturday or Sunday | 41 |
| | 9.12 Workweek | 41 |
| | 9.13 Scheduling | 41 |
| | 9.14 Early Release | 41 |
| 10 | OVERTIME | 42 |
| 11 | PRE-TAX TRANSPORTATION | 47 |
| 12 | TRAVEL EXPENSES | 47 |
| 13 | PERSONNEL AND PAY PRACTICES | 48 |
| | 13.1 Notification to Beneficiary | 48 |
| | 13.2 Notification of Change in Title or Compensation | 48 |
| | 13.3 Release of Paychecks | 48 |
| | 13.4 Salary Garnishments | 48 |
| | 13.5 Salary Upon Promotion | 48 |

| | | |
|---|---|---|
| | 13.6 Information on Retirement Benefits | 48 |
| | 13.7 Evaluations and Personnel Folders | 49 |
| | 13.8 Itemization on Paychecks | 49 |
| | 13.9 Shields | 49 |
| | 13.10 Orientation Kits | 49 |
| | 13.11 Dues Check-Off | 50 |
| | 13.12 Computation of Salaries | 50 |
| | 13.13 Request for Reassignment or Transfer | 50 |
| | 13.14 Working Conditions | 51 |
| | 13.15 Withholding Paychecks | 52 |
| | 13.16 Resumption of Deductions | 52 |
| | 13.17 Investigatory Notification | 52 |
| 14 | LABOR/MANAGEMENT COMMITTEE | 52 |
| 15 | GRIEVANCE PROCEDURES | 53 |
| 16 | BENEFITS GUARANTEED | 56 |
| 17 | PROTECTION OF EMPLOYEES | 57 |
| 18 | AGENCY SHOP | 57 |
| 19 | UNIFORM AND EQUIPMENT ALLOWANCE | 57 |
| 20 | WELFARE FUND | 59 |
| 21 | CIVIL SERVICE AND CAREER DEVELOPMENT | 60 |
| 22 | JOB ABANDONMENT | 61 |
| 23 | PERIODIC FITNESS EXAMINATIONS | 62 |
| | 23.1 Physical and Mental Fitness Committee | 62 |
| | 23.2 Drug Testing | 62 |
| 24 | DISCIPLINARY PROCEDURES | 64 |
| 25 | NO DISCRIMINATION | 69 |
| 26 | FLEXIBLE BENEFIT SPENDING PROGRAM | 70 |
| 27 | REIMBURSEMENT FOR PROPERTY DAMAGE | 70 |
| 28 | DRESS CODE | 70 |
| 29 | WORK/LIFE ASSISTANCE PROGRAM | 71 |
| 30 | SEVERABILITY | 71 |
| 31 | CONTRACT PREVAILING OVER RULES | 71 |
| 32 | CONCLUSION OF COLLECTIVE NEGOTIATIONS | 72 |
| 33 | APPROVAL OF THE LEGISLATURE | 72 |
| 34 | DURATION OF AGREEMENT | 72 |
| | SIGNATURE PAGE | 73 |

APPENDIX A:
   Job Titles or Positions Included in the Negotiating Unit .............................. 74

APPENDIX B:
   Salary Schedules ............................................................... 75

# AGREEMENT

AGREEMENT made by and between the State of New York-Unified Court System (hereafter referred to as the "State" or Unified Court System) and the New York State Court Officers Association, (hereafter referred to as the "Union"). The term "employees" shall hereafter refer to employees within the negotiating unit as defined in Article 1 of this Agreement.

## ARTICLE 1

### RECOGNITION

1.1 The State, pursuant to Article 14 of the Civil Service Law (Public Employees' Fair Employment Act), recognizes the Union as the exclusive representative for collective negotiations with respect to salaries, wages, hours and other terms and conditions of employment for full-time and part-time employees in the Unified Court System within the City of New York whose job title or position is set forth in Appendix A.

1.2 The State and the Union further agree that should a classification or reclassification alter or convert present job titles within the City of New York herein specified or create new positions performing essentially similar work within the City of New York, then the Union shall continue to be recognized as the exclusive collective negotiating representative for any employees employed in such new titles and/or positions.

## ARTICLE 2

### STATEMENT OF POLICY AND PURPOSE

2.1 It is the policy of the State to continue harmonious and cooperative relationships with its employees and to ensure the orderly and uninterrupted operations of government. This policy is effectuated by the provisions of the Public Employees' Fair Employment Act granting public employees the rights of organization and collective representation concerning the determination of the terms and conditions of their employment.

2.2 The State and the Union now desire to enter into an agreement reached through collective negotiations which will have for its purposes, among others, the following:

   (a) To recognize the legitimate interests of the employees of the State to participate through collective negotiations in the determination of the terms and conditions of their employment.

(b) To promote fair and reasonable working conditions.

(c) To promote individual efficiency and service to the citizens of the State.

(d) To avoid interruption or interference with the efficient operation of the State's business.

(e) To provide a basis for the adjustment of matters of mutual interest by means of amicable discussion.

## ARTICLE 3

## UNCHALLENGED REPRESENTATION

The State and the Union agree, pursuant to Section 208 of the Civil Service Law, that the Union shall have unchallenged representation status for the maximum period permitted by law on the date of execution of this Agreement.

## ARTICLE 4

## EMPLOYEE ORGANIZATION RIGHTS

4.1 **Exclusive Right to Negotiate.** The Union shall have the exclusive right to negotiate with respect to salaries, wages, hours and other terms and conditions of employment on behalf of employees, and the State shall not negotiate or meet with any other employee organization with reference to terms and conditions of employment of employees.

4.2 **Bulletin Boards.**

(a) The State shall provide a reasonable amount of exclusive bulletin board space in an accessible place in each area occupied by a substantial number of employees for the purpose of posting bulletins, notices and material issued by the Union. All notices shall be on Union stationery and shall be used only to notify employees of matters pertaining to Union affairs. No material shall be posted which is defamatory of the State or its representatives, or which constitutes election campaign material for or against any person, organization or faction thereof. Until such time as a bona fide representation petition has been filed with the Public Employment Relations Board (PERB), no other employee organization, except employee organizations which have been certified or recognized as the representative for collective negotiations for other State employees employed at such locations, shall have the right to post material upon State bulletin boards.

(b) The number and location of bulletin boards, as well as arrangements with reference to placing material thereon and removing material therefrom, shall be subject to mutual understandings, provided, however, that any material reasonably objected to by the State shall be removed, which removal may be contested pursuant to the contract grievance procedure provided for herein.

4.3 **Meeting Space.** Where there is appropriate available meeting space, the Union will be permitted to use such space for Union meetings upon prior arrangement with the Deputy Chief Administrative Judge (New York City Courts) or his/her designee.

4.4 **Access to Employees.** The Union shall, on an exclusive basis, have access during working hours to employees it represents for consultations regarding membership services and programs, and for pension counseling services, under mutually developed arrangements with Deputy Chief Administrative Judge (New York City Courts) or his/her designee. Any such arrangements shall ensure that such access shall not interfere with work duties or performance and shall be reasonably controlled.

4.5 **Employee Lists.** The State shall furnish to the Union, without charge, but not more than quarterly, information showing the name, title, home address, negotiating unit designation, social security number, payroll agency, salary and if and when available, work location of all employees covered by this Agreement.

4.6 **Job Descriptions.** The State agrees to furnish the Union copies of reclassified job descriptions and amendments to the classification plan in advance of promulgation.

4.7 **Employee Organization Leave.**

(a) The Union shall designate at least quarterly, in writing, those employees who are authorized to take employee organization leave. The Deputy Director for Labor Relations shall establish uniform procedures regarding the maintenance and submission of monthly reports of employee organization leave.

(b) Individuals duly designated by the Union shall be permitted to perform the following functions without loss of pay or other employee benefits, except as limited by Section 4.7(d):

(1) To investigate grievances, assist in their early resolution, and to process them at all levels of the grievance procedure.

Pages Omitted

appropriations available in the current budget allocation for the involved agency for such purposes.

(f) The State shall make reasonable efforts to provide for the personal security of employees working in buildings operated by the State, during such hours as said locations are open to the public.

13.15 **Withholding Paychecks.** The State shall not withhold entire paychecks when an employee has no leave balance to cover absences without pay, due to illness, up to a maximum of five days, provided the affected employee has five years of service as a member of the New York City Employees' Retirement System or the New York State Retirement System. Appropriate deductions shall be made in a subsequent paycheck. Employees with a negative leave balance shall not be covered by this section.

13.16 **Resumption of Deductions.** To the extent practicable and allowed by the State Comptroller, all of an employee's payroll deductions shall be resumed when an employee returns from a leave.

13.17 **Investigatory Notification.** The Deputy Chief Administrative Judge (New York City Courts) shall provide written notice by letter to an employee who was the subject of an investigation, with a copy to the Union President, within three business days from when he/she has received a final report from the Unified Court System Inspector General's Office indicating that the Inspector General has completed its investigation.

## ARTICLE 14

## LABOR/MANAGEMENT COMMITTEE

14.1 To facilitate communication between the parties and to promote a climate conducive to constructive employee relations, a joint Labor/Management Committee shall be established to discuss the implementation of this Agreement and other matters of mutual interest. The size of the Committee shall be limited to the least number of representatives needed to accomplish its objectives. Committee size shall be determined by mutual agreement.

14.2 The Committee shall meet quarterly, and shall discuss a mutually accepted agenda at each meeting. A written agenda will be submitted a week in advance of regular meetings. Special meetings may be requested by either party. An agenda will be submitted along with the request. Such special meetings will be scheduled as soon as possible after requested.

14.3 All time spent in such meetings shall not be considered as overtime worked, and shall be charged in accordance with Section 4.7 of this Agreement.

14.4 Labor/Management Committee meetings shall be conducted in good faith. The Committee shall have no power to contravene any provision of this Agreement.

14.5 A Labor/Management Health and Safety Subcommittee shall be established, composed of three management and three employee representatives. The Subcommittee shall meet biweekly or at the written request of the management or labor representatives for the purpose of discussing health and safety problems and of making nonbinding recommendations to the State.

14.6 The State and the Union shall establish a Labor/Management Subcommittee which shall discuss modifications to the current performance evaluation system including the performance evaluation forms and appeals process. The Subcommittee shall make recommendation for any changes to the performance evaluation system to the Chief Administrative Judge.

14.7 The State and the Union shall establish a Labor/Management Subcommittee to discuss the disciplinary procedures including the creation of an expedited time and attendance discipline procedure.

14.8 The State and the Union shall establish a Labor/Management Subcommittee to discuss issues pertaining to court facilities and occupational, safety and health concerns (OSHA).

## ARTICLE 15

## GRIEVANCE PROCEDURES

15.1 **Definitions.**

(a) A contract grievance is a dispute concerning the interpretation, application or claimed violation of a specific term or provision of this Agreement.

(b) A non-contract grievance is a dispute concerning:

(1) Unreasonable work assignments or conditions.

(2) Discriminatory supervisory practices except insofar as such practices as alleged would constitute violations of law. With respect to claims alleging such practices as would constitute violations of law, they shall, at the election of the employee, be subject to review in accordance with State and Federal procedures

established for such purpose as well as such internal review procedures as may exist, but shall not be subject to review under the provisions of this Article. Use of the internal review procedure shall not deny the employee access to State and Federal procedures; provided, however, that an employee electing pursuit of a claim in accordance with State and/or Federal procedures shall not be allowed to utilize the Unified Court System's Internal Discrimination Claim Procedure.

(3) A claimed violation, misinterpretation or misapplication of the rules or regulations, written policy or orders of the State.

(4) A claimed assignment of employees to duties substantially different from those stated in their job specifications.

(5) A claimed improper holding of an open competitive rather than a promotional examination.

15.2 The contract and non-contract grievance procedures, except for claims under Section 15.1(b)(4) of the Agreement which shall proceed directly to the Deputy Director for Labor Relations as provided in Section 15.2(b)(2), shall be as follows:

(a) **Step 1.** The employee or the Union shall present the grievance in writing to the Deputy Chief Administrative Judge (New York City Courts) or his/her designee, with a copy to the Administrative Authority of the court or court-related agency to which the employee is assigned, not later than 45 calendar days after the date on which the act or omission giving rise to the grievance occurred or when the employee could reasonably have been expected to become aware of, or to have knowledge, that he/she had a grievance. The Deputy Chief Administrative Judge (New York City Courts) or his/her designee may require the grievant to meet with the grievant's immediate supervisor in an effort to settle the grievance informally. The Deputy Chief Administrative Judge (New York City Courts) or his/her designee shall take any other steps necessary to ensure that a proper disposition of the grievance is made and shall reply to the employee or Union within 15 workdays following the date of submission. In the event a grievance is not answered within the prescribed time limit, the grievance will be considered to have been passed to the second step of the grievance procedure.

(b)(1) **Step 2. Contract Grievances.** In the event the employee or the Union wishes to appeal an unsatisfactory contract grievance decision at Step 1, the appeal must be presented in writing within 15 days of the receipt of the Step 1 decision, to the Deputy Director for Labor Relations. A copy of such appeal shall also be sent to the Deputy Chief Administrative Judge (New York City Courts) or his/her designee who passed upon the grievance at Step 1. Such appeal shall contain a short, clear statement of the grievance and specific references to the Section(s) of this Agreement which the employee or the Union claims to have been violated. The Deputy Director for Labor Relations or his/her designated representative shall meet within 20 workdays after receipt of the appeal with the employee or the Union for a review of the grievance and shall issue a written decision by the end of the 25th workday after such review. In the event a grievance is not answered within the prescribed time limit, the Union may demand in writing to the Deputy Director for Labor Relations to move the grievance to the next Step of the procedure.

(2) **Step 2. Non-contract Grievances.** In the event the employee or the Union wishes to appeal an unsatisfactory non-contract grievance decision at Step 1, the appeal must be presented in writing within 15 days of the receipt of the Step 1 decision to the Deputy Director for Labor Relations. A copy of such appeal shall also be sent to the Deputy Chief Administrative Judge (New York City Courts) or his/her designee who passed upon the grievance at Step 1. Such appeal shall contain a short, clear statement of the grievance, the basis for the grievance and the relief sought. The Deputy Director for Labor Relations or his/her designee shall meet within 20 workdays after receipt of the appeal with the employee or the Union for a review of the grievance and shall issue a written decision by the end of the 25th workday after such review. Such decision shall not be subject to review by arbitration.

(c) **Step 3. Contract Grievances.**

(1) An appeal to arbitration from an unsatisfactory contract grievance decision at Step 2 may be made by the Union within 20 days of the receipt of the decision by the Deputy Director for Labor Relations. A request for arbitration may be initiated by the Union serving upon the Deputy Director for Labor Relations a notice in writing of an intent to proceed to arbitration. The notice shall identify the Agreement provision in dispute, the issue or issues to be determined, the department and the employee or employees involved. Upon receipt of a notice requesting arbitration, the parties shall select an arbitrator from a central panel. Such panel shall be agreed upon as soon as practicable. The method of selecting the arbitrator for a particular case shall be by mutual agreement between both parties to the Agreement, and failing such agreement, by mutual strike from the central panel.

(2) The arbitrator shall have no power to add to, subtract from or modify the provisions of this Agreement in arriving at a decision of the issue presented, and shall confine his/her decision solely to the application and interpretation of this Agreement. The decision or award of the arbitrator shall be final and binding consistent with the provisions of CPLR Article 75. The arbitrator shall confine himself/herself to the precise issue submitted for arbitration and shall have no authority to determine any other issues not so submitted to him/her nor shall

he/she submit observations or declarations of opinion which are not essential in reaching the determination.

(3) All fees and expenses of the arbitrator shall be divided equally between the parties. Each party shall bear the cost of preparing and presenting its own case.

15.3 The time limits contained in this Article may be extended by mutual agreement. The time for presenting a Step 1 contract grievance shall be extended by the time an employee is absent from the job through illness or disability.

15.4 A settlement or any award upon a contract grievance may or may not be retroactive, as the equities of each case may demand. A settlement or any award upon a grievance filed under Section 15.1(b)(4) shall be retroactive no earlier than 15 calendar days prior to the date the grievance was filed.

15.5 The contract grievance and arbitration procedure provided for herein shall be the exclusive grievance procedure for the resolution of disputes concerning the interpretation, application or claimed violation of a specific term or provision of this Agreement.

15.6 No employee organization other than the Union may initiate or represent an employee in the processing of contract or non-contract grievances.

15.7 In the event the Union appeals a Step 2 decision to Step 3 and the parties cannot agree as to whether it constitutes an arbitrable grievance, the issue of arbitrability shall be preliminarily submitted to arbitration prior to the resolution of the dispute on the merits in accordance with the procedures for arbitration set forth in Step 3.

## ARTICLE 16

**BENEFITS GUARANTEED**

16.1 With respect to matters not covered by this Agreement, the State will not seek to diminish or impair during the term of this Agreement, any benefit or privilege provided by law, rule or regulation for employees without adequate prior notice to the Union, and, when appropriate, without negotiations with the Union provided, however, that this Agreement shall be construed consistently with the free exercise of rights reserved to the State by the Management Rights Article of this Agreement.

16.2 To the extent that any rule or practice relating to a term or condition of employment is inconsistent with the terms of this Agreement such rule or practice shall be suspended during the term of this Agreement.

## ARTICLE 17

**PROTECTION OF EMPLOYEES**

17.1 There shall be no loss of present jobs by permanent employees as a result of the State's exercise of its right to contract out for goods and services.

17.2 No permanent employee will suffer reduction in existing salary as a result of reclassification or reallocation of the position he/she holds by permanent appointment.

## ARTICLE 18

**AGENCY SHOP**

The parties agree to the Agency Shop to the extent permitted by law.

## ARTICLE 19

**UNIFORM AND EQUIPMENT ALLOWANCE**

The uniform and equipment allowance in effect on April 1, 2010 shall remain in effect except as modified below.

19.1 Effective April 1, 2018 all employees required to wear a uniform shall receive a uniform and equipment allowance of $1,390 if eligible under Section 19.4. The payment of the uniform and equipment allowance shall be in a separate check and payable in equal parts in June and December of each year.

19.2 Effective April 1, 2019, all employees required to wear a uniform shall receive a uniform and equipment allowance of $1,440, if eligible under Section 19.4. The payment of the uniform and equipment allowance shall be in a separate check and payable in equal parts in June and December of each year.

19.3 Effective April 1, 2020, all employees with peace officer status required to wear a uniform shall receive a uniform and equipment allowance of $1,460, if eligible under Section 19.4. The payment of the uniform and equipment allowance shall be in a separate check and payable in equal parts in June and December of each year.

Pages Omitted