# AGREEMENT

between the

## STATE OF NEW YORK - UNIFIED COURT SYSTEM

and

## THE NEW YORK STATE COURT OFFICERS ASSOCIATION

2011-2021

## TABLE OF CONTENTS

| Article | | Page |
|---|---|---|
| 1 | RECOGNITION | 1 |
| 2 | STATEMENT OF POLICY AND PURPOSE | 1 |
| 3 | UNCHALLENGED REPRESENTATION | 2 |
| 4 | EMPLOYEE ORGANIZATION RIGHTS | 2 |
| | 4.1 Exclusive Right to Negotiate | 2 |
| | 4.2 Bulletin Boards | 2 |
| | 4.3 Meeting Space | 3 |
| | 4.4 Access to Employees | 3 |
| | 4.5 Employee Lists | 3 |
| | 4.6 Job Descriptions | 3 |
| | 4.7 Employee Organization Leave | 3 |
| 5 | MANAGEMENT RIGHTS | 6 |
| 6 | NO STRIKES | 6 |
| 7 | COMPENSATION | 6 |
| 8 | HEALTH INSURANCE | 15 |
| 9 | TIME AND LEAVE | 16 |
| | 9.1 Attendance | 16 |
| | 9.2 Annual Leave | 18 |
| | 9.3 Sick Leave | 20 |
| | 9.4 Workers' Compensation Leave | 28 |
| | 9.5 Other Leaves With Pay | 35 |
| | 9.6 Leaves Without Pay | 38 |
| | 9.7 Payment of Accruals Upon Separation | 39 |
| | 9.8 Written Agreement Required for Transfer of Leave Credits | 40 |
| | 9.9 Holidays | 40 |
| | 9.10 Holiday Pay | 40 |
| | 9.11 Holiday Falling on Saturday or Sunday | 41 |
| | 9.12 Workweek | 41 |
| | 9.13 Scheduling | 41 |
| | 9.14 Early Release | 41 |
| 10 | OVERTIME | 42 |
| 11 | PRE-TAX TRANSPORTATION | 47 |
| 12 | TRAVEL EXPENSES | 47 |
| 13 | PERSONNEL AND PAY PRACTICES | 48 |
| | 13.1 Notification to Beneficiary | 48 |
| | 13.2 Notification of Change in Title or Compensation | 48 |
| | 13.3 Release of Paychecks | 48 |
| | 13.4 Salary Garnishments | 48 |
| | 13.5 Salary Upon Promotion | 48 |

| | | |
|---|---|---|
| | 13.6 Information on Retirement Benefits | 48 |
| | 13.7 Evaluations and Personnel Folders | 49 |
| | 13.8 Itemization on Paychecks | 49 |
| | 13.9 Shields | 49 |
| | 13.10 Orientation Kits | 49 |
| | 13.11 Dues Check-Off | 50 |
| | 13.12 Computation of Salaries | 50 |
| | 13.13 Request for Reassignment or Transfer | 50 |
| | 13.14 Working Conditions | 51 |
| | 13.15 Withholding Paychecks | 52 |
| | 13.16 Resumption of Deductions | 52 |
| | 13.17 Investigatory Notification | 52 |
| 14 | LABOR/MANAGEMENT COMMITTEE | 52 |
| 15 | GRIEVANCE PROCEDURES | 53 |
| 16 | BENEFITS GUARANTEED | 56 |
| 17 | PROTECTION OF EMPLOYEES | 57 |
| 18 | AGENCY SHOP | 57 |
| 19 | UNIFORM AND EQUIPMENT ALLOWANCE | 57 |
| 20 | WELFARE FUND | 59 |
| 21 | CIVIL SERVICE AND CAREER DEVELOPMENT | 60 |
| 22 | JOB ABANDONMENT | 61 |
| 23 | PERIODIC FITNESS EXAMINATIONS | 62 |
| | 23.1 Physical and Mental Fitness Committee | 62 |
| | 23.2 Drug Testing | 62 |
| 24 | DISCIPLINARY PROCEDURES | 64 |
| 25 | NO DISCRIMINATION | 69 |
| 26 | FLEXIBLE BENEFIT SPENDING PROGRAM | 70 |
| 27 | REIMBURSEMENT FOR PROPERTY DAMAGE | 70 |
| 28 | DRESS CODE | 70 |
| 29 | WORK/LIFE ASSISTANCE PROGRAM | 71 |
| 30 | SEVERABILITY | 71 |
| 31 | CONTRACT PREVAILING OVER RULES | 71 |
| 32 | CONCLUSION OF COLLECTIVE NEGOTIATIONS | 72 |
| 33 | APPROVAL OF THE LEGISLATURE | 72 |
| 34 | DURATION OF AGREEMENT | 72 |
| | SIGNATURE PAGE | 73 |

APPENDIX A:
  Job Titles or Positions Included in the Negotiating Unit ............ 74

APPENDIX B:
  Salary Schedules ............ 75

# AGREEMENT

AGREEMENT made by and between the State of New York-Unified Court System (hereafter referred to as the "State" or Unified Court System) and the New York State Court Officers Association, (hereafter referred to as the "Union"). The term "employees" shall hereafter refer to employees within the negotiating unit as defined in Article 1 of this Agreement.

## ARTICLE 1

### RECOGNITION

1.1 The State, pursuant to Article 14 of the Civil Service Law (Public Employees' Fair Employment Act), recognizes the Union as the exclusive representative for collective negotiations with respect to salaries, wages, hours and other terms and conditions of employment for full-time and part-time employees in the Unified Court System within the City of New York whose job title or position is set forth in Appendix A.

1.2 The State and the Union further agree that should a classification or reclassification alter or convert present job titles within the City of New York herein specified or create new positions performing essentially similar work within the City of New York, then the Union shall continue to be recognized as the exclusive collective negotiating representative for any employees employed in such new titles and/or positions.

## ARTICLE 2

### STATEMENT OF POLICY AND PURPOSE

2.1 It is the policy of the State to continue harmonious and cooperative relationships with its employees and to ensure the orderly and uninterrupted operations of government. This policy is effectuated by the provisions of the Public Employees' Fair Employment Act granting public employees the rights of organization and collective representation concerning the determination of the terms and conditions of their employment.

2.2 The State and the Union now desire to enter into an agreement reached through collective negotiations which will have for its purposes, among others, the following:

(a) To recognize the legitimate interests of the employees of the State to participate through collective negotiations in the determination of the terms and conditions of their employment.

- periodic retesting, including retesting before a return to duty;
- suspension; and,
- termination.

(3) An employee may submit proof satisfactory to the Deputy Chief Administrative Judge (New York City Courts) that he/she is taking a controlled substance for treatment of a medical condition in defense of any proposed disciplinary charges or in mitigation of penalty in a case of positive testing. Voluntary submission to testing and admittance to a rehabilitation or treatment program shall be considered in mitigation of such penalty by the hearing officer.

(c) **Other Disciplinary Charges.** Notwithstanding any other provision of this Article, an employee may not elect to participate in the voluntary rehabilitation program set forth in subsection (b)(1) where such employee may be subject to disciplinary charges which do not result from positive testing. Employees who are subject to disciplinary charges as a result of conduct other than positive testing pursuant to this Article may not use positive testing for drugs as a defense in such disciplinary proceeding.

ARTICLE 24

## DISCIPLINARY PROCEDURES

24.1 **Applicability.** An officer or employee described in paragraph (a), (b) or (c) below shall not be removed or otherwise subjected to any disciplinary penalty provided in this section except for incompetency or misconduct shown after a hearing upon stated charges pursuant to this section, unless such officer or employee is granted the option and elects to follow the alternative administrative disciplinary procedure set forth in Section 24.8 of this Article.

(a) An officer or employee holding a position by permanent appointment in the competitive class of the classified service;

(b) An officer or employee holding a position by permanent appointment or employment in the classified service, who is an honorably discharged member of the Armed Forces of the United States having served therein as such member in time of war as defined in the Civil Service Law, or who is an exempt volunteer firefighter as defined in the General Municipal Law, except where the officer or employee described in this paragraph holds a position designated by the Chief Administrative Judge as confidential or requiring the performance of functions influencing policy; or,

(c) An officer or employee holding a position in the non-competitive class other than a position designated by the Chief Administrative Judge as confidential or requiring the performance of functions influencing policy, who since his/her last entry into the service of the Unified Court System has completed at least five years of continuous service in the non-competitive class in a position or positions not so designated as confidential or requiring the performance of functions influencing policy.

24.2 **Procedure.** An officer or employee against whom removal or other disciplinary action is proposed shall have written notice thereof and of the reasons therefor, shall be furnished a copy of the charges preferred against him/her and shall be allowed at least eight days for answering the same in writing. Service of a copy of the charges shall be made by personal service if possible. If service cannot be effectuated by personal service, it shall be made by certified mail, return receipt requested. The Union shall be advised by certified mail, return receipt requested, of the name and work location of the officer or employee against whom charges have been preferred. The charges shall be made by the Deputy Chief Administrative Judge (New York City Courts) and the hearing shall be held by a person designated by him/her for that purpose. The Deputy Chief Administrative Judge (New York City Courts) shall, upon consultation with the Unions as provided in Section 24.10, establish a panel of qualified persons who may be designated to conduct the hearing.

The person or persons designated to conduct the hearing shall, for the purpose of such hearing, be vested with all the powers of the Deputy Chief Administrative Judge (New York City Courts) and shall make a record of such hearing which shall, with recommendations, be referred to the Deputy Chief Administrative Judge (New York City Courts) for review and decision. The Hearing Officer shall, upon the request of the officer or employee against whom charges are preferred, permit him/her to be represented by counsel, or by a representative of the Union and shall allow him/her to summon witnesses in his/her behalf. The burden of proving incompetency or misconduct shall be upon the State. Compliance with technical rules of evidence shall not be required. The officer or employee against whom charges are preferred shall, upon request, be entitled to a copy of the recommendations of the Hearing Officer and shall be allowed three days to comment upon them, in writing to the Deputy Chief Administrative Judge (New York City Courts).

24.3 **Suspension Pending Determination of Charges.** Pending the hearing and determination of charges of incompetency or misconduct, the officer or employee against whom such charges have been preferred may be suspended without pay for a period not exceeding 30 days. In the sole discretion of the Deputy Chief Administrative Judge (New York City Courts) or his/her designee, such suspension without pay may be charged to an employee's annual leave

accruals. Such decision to permit an employee to charge annual leave accruals shall not be grievable or otherwise reviewable in any other forum.

**24.4 Determination of Charges.** If such officer or employee is found guilty of the charges, the penalty or punishment may consist of a reprimand, a fine not to exceed $200 to be deducted from the salary or wages of such officer or employee, suspension without pay for a period not exceeding three months, probationary period not to exceed two years, demotion in salary and title, dismissal from the service or a combination of a fine not to exceed $200 and a suspension without pay for a period not exceeding three months, or a combination of a probationary period not to exceed two years and any other penalties as set forth above; provided, however, that the time during which an officer or employee is suspended without pay pursuant to Section 24.3 may be considered as part of the penalty and the officer or employee shall be entitled to continue health insurance, if the employee pays his/her own share of the premiums and shall be eligible to receive welfare fund benefits and have welfare fund payments made on his/her behalf during a period of suspension not exceeding three months. If he/she is acquitted, he/she shall be restored to his/her position with full pay for the period of suspension less the amount of compensation which he/she may have earned in any other employment or occupation and any unemployment insurance benefits he/she may have received during such period. If such officer or employee is found guilty, a copy of the charges, his/her written answer thereto, a transcript of the hearing, and the determination shall be filed with the Office of Court Administration. A copy of the transcript of the hearing shall, upon request of the officer or employee affected, be furnished to him/her without charge.

**24.5 Time for Removal or Disciplinary Proceedings.** Notwithstanding any other provisions, no removal, disciplinary proceeding or alternative disciplinary procedure shall be commenced more than 18 months after the occurrence of the alleged incompetency or misconduct complained of and described in the charges; provided, however, that such limitation shall not apply where the incompetency or misconduct complained of and described in the charges would, if proved in a court of appropriate jurisdiction, constitute a crime.

**24.6 Review of Penalty or Punishment.** Any officer or employee believing himself/herself aggrieved by a penalty or punishment pursuant to the provisions of this Article, may appeal from such determination by petition to the Chief Administrative Judge or by an application to the courts in accordance with the provisions of Article 78 of the Civil Practice Law and Rules.

(a) If such person elects to appeal to the Chief Administrative Judge, he/she shall file a petition in writing within 20 days after receiving notice of the determination to be reviewed.

(b) Where an appeal is taken to the Chief Administrative Judge, he/she shall review the record of the disciplinary proceeding and the transcript of the hearing, and shall determine the appeal on the basis of the record and transcript and such oral and written argument as he/she may determine to be appropriate. He/She may direct that the appeal shall be heard by a person or persons designated by him/her to hear such appeal on his/her behalf, who shall report thereon with recommendations to him/her. Upon such appeal, he/she shall permit the employee to be represented by counsel or a representative of the Union.

(c) **Determination of Appeal.** The determination appealed from may be affirmed, reversed, or modified and the Chief Administrative Judge may, in his/her discretion, direct the reinstatement of the appellant or permit the transfer or reassignment of such appellant to a vacancy in a similar position in another court or court agency or direct that his/her name be placed upon a preferred list pursuant to this section. In the event that a transfer or reassignment is not effected, he/she is empowered to direct the reinstatement of such employee. An officer or employee reinstated pursuant to this subdivision shall receive the salary or compensation he/she would have been entitled by law to have received in his/her position for the period of removal, including any prior period of suspension without pay, less the amount of compensation which he/she may have earned in any other employment or occupation and any unemployment insurance benefits he/she may have received during such period. The decision of the Chief Administrative Judge shall be final and conclusive, and not subject to further review in any court.

**24.7 Restoration of Position.** An employee who is removed from his/her position in violation of the provisions of this Article, and who thereafter is restored to such position by order of the Supreme Court, shall be entitled to receive and shall receive from the State, the salary or compensation which he/she would have been entitled by law to have received in such position but for such unlawful removal, from the date of such unlawful removal to the date of such restoration, less the amount of compensation which he/she may have earned in any other employment or occupation and any unemployment insurance benefits he/she may have received during such period. Such employee shall be entitled to a court order to enforce the payment of such salary or compensation. Such salary or compensation shall be subject to the provisions of Section 474 and Section 475 of the Judiciary Law for services rendered, but otherwise shall be paid only directly to such employee or his/her legal representatives.

**24.8 Alternative Disciplinary Procedure.**

(a) Within 18 months of when an act of alleged misconduct or incompetency occurs the Deputy Chief Administrative Judge (New York City Courts) shall determine whether such acts require the initiation of formal

disciplinary charges pursuant to Section 24.2 of this Article or if the officer or employee shall be given the option of electing to follow the alternative disciplinary procedure to ensure that the decision to use the formal or informal proceedings is uniformly determined. For purposes of Section 24.8 only, an eligible officer or employee shall include all officers or employees who are not determined to be personal appointees of a judge by the appropriate appointing authority.

(b) If the Deputy Chief Administrative Judge (New York City Courts) determines that the alternative disciplinary procedure will be offered as an option, the employee shall be given an Initiation of Discipline form. This form shall specify in writing a description of the conduct alleged to constitute misconduct or incompetency and shall specify a recommended penalty. The employee shall make a written election whether or not to accept the alternative disciplinary procedure. An employee who otherwise is eligible for a formal hearing pursuant to Section 24.1 of this Article may opt to pursue a formal hearing or to accept the alternative disciplinary procedure. If such an employee fails to make a written election within ten days of receiving an Initiation of Discipline form, the employee may be served with written notice of the charges preferred against him/her and the procedures set forth in Section 24.2 shall be followed.

(c) An officer or employee who elects to follow the alternative disciplinary procedure shall meet with the designee of the Deputy Chief Administrative Judge (New York City Courts) who shall recommend a penalty after reviewing the relevant facts which form the basis for discipline, the employment history of the employee listed on the Initiation of Discipline form and any facts or arguments submitted in defense or mitigation. The penalty shall be a written reprimand, restitution, probation for up to six months and/or no more than the forfeiture of up to ten days of annual leave, compensatory time or the loss of ten days pay, if appropriate. The Deputy Chief Administrative Judge (New York City Courts) shall review such recommended penalty to ensure that penalties are uniformly applied. The employee thereafter shall be informed in writing of the penalty assessed. The Initiation of Discipline form shall set forth the recommended penalty, the review of the Deputy Chief Administrative Judge (New York City Courts) and the penalty assessed. Such penalty assessed shall be implemented immediately. The determination of the designee of the Deputy Chief Administrative Judge (New York City Courts) and the Deputy Chief Administrative Judge (New York City Courts) shall be final, binding and not reviewable in any forum.

(d) A copy of such Initiation of Discipline form upon completion of the process shall be included in the personnel history folder of the officer or employee, and shall be given to the officer or employee, the supervisor, payroll, the designee of the Deputy Chief Administrative Judge (New York City Courts)

and the Deputy Chief Administrative Judge (New York City Courts). Upon an employee's written request, the record of the alternative disciplinary procedure shall be removed from an employee's personnel history folder 18 months after the penalty has been implemented, provided such employee has not been subject to formal disciplinary charges or further administrative disciplinary proceedings within such 18 months.

24.9 For the duration of this Agreement, the State and the Union shall meet in a Labor/Management Subcommittee to discuss the implementation of the disciplinary procedures.

24.10 The State and the Union shall meet in a Labor/Management Subcommittee to discuss the establishment by the State of a panel to act as Hearing Officers on charges made against officers or employees pursuant to this Article. The Subcommittee shall discuss and make recommendations concerning the composition of, and selection from, a fixed panel of persons who are qualified to act as Hearing Officers and from whom the State selects one or more persons to hear employee appeals of disciplinary charges. Such recommendations shall be submitted to the Deputy Chief Administrative Judge (New York City Courts) or his/her designee, on whose behalf such Hearing Officers are designated to hear such charges.

### ARTICLE 25
### NO DISCRIMINATION

25.1 The Union agrees to continue to admit all employees to membership and to represent all employees without regard to race, color, creed, disability, marital status, Vietnam Era Veteran status, national origin, age or sex.

25.2 (a) The State agrees to continue its established policy against all forms of illegal discrimination with regard to race, creed, color, disability, marital status, Vietnam Era Veteran status, national origin, sex, age or the proper exercise by an employee of the rights guaranteed by the Public Employees' Fair Employment Act.

(b) An employee who believes that an act of discrimination based on race, color, religion, sex, age, political affiliation, national origin, physical/mental/medical disability or Vietnam Era Veteran status has taken place relating to interviewing, hiring, dismissal, discipline, job assignment, training opportunities, policies of the Unified Court System, shift assignment, promotion, transfer, working conditions, harassment or other terms and conditions of employment, shall be allowed access to the Unified Court System's Internal Discrimination Claim Procedure.