UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DENNIS QUIRK, as president of and on behalf of
the New York State Court Officers Association,

Plaintiff,

-against-

20 Civ. 5027 (JPO)

HONORABLE JANET DIFIORE, Chief Judge
of the State of New York, NEW YORK STATE
OFFICE OF COURT ADMINISTRATION and
JOHN DOE 1-5,

Defendants.

DEFENDANT OCA'S REPLY MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS
AND IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND

EILEEN D. MILLETT
Counsel
*Attorney for Defendant*
Office of Court Administration
25 Beaver Street - 11th Floor
New York, New York 10004
(212) 428-2150

LISA M. EVANS
OF Counsel

## Table of Contents

PRELIMINARY STATEMENT .................................................................................... 1

ARGUMENT ............................................................................................................... 1

    Point I: Defendant OCA Has Not Waived Its Sovereign Immunity. ............................ 1

    Point II: O'Shea and Younger Abstention Apply. ...................................................... 3

    Point III: OCA Is Not A Person Under 42 U.S.C. § 1983. ........................................ 4

    Point IV: Plaintiff has Failed to State a Viable Claim of "Imminent and Substantial Endangerment." ................................................................................... 4

    Point V: Plaintiff Concedes That His Labor Law § 740 And OSHA Claims Are Not Legally Cognizable. ............................................................................................... 5

    Point VI: Leave to Amend Should Be Denied. .......................................................... 5

CONCLUSION ........................................................................................................... 9

# Table of Authorities

**Cases**

*Arbaugh v. Y & H Corp.,*
  546 U.S. 500 (2006) ................................................................................................ 1

*Bergemann v. R.I. Dep't of Env't Mgmt.,*
  665 F.3d 336, 339 (1st Cir. 2011). ........................................................................ 1-2

*Cox v. Perfect Bldg. Maint. Corp,*
  No. 16-CV-7474 (VEC), 2017 WL 3049547 (S.D.N.Y. July 18, 2017) ...................... 8

*Edelman v. Jordan,*
  415 U.S. 651 (1974) ................................................................................................ 2

*Harrison v. NBD, Inc,*
  990 F. Supp. 2d 179 (E.D.N.Y. 1998) ..................................................................... 6

*Ingber v. N.Y. City Dep't of Educ.,*
  No. 14 Civ 3942 (JMF), 2014 WL 2575780 (S.D.N.Y. June 9, 2014) ...................... 3

*Jackson v. Abernathy,*
  960 F.3d 94 (2d Cir. 2020) ..................................................................................... 6

*Jackson v. County of Nassau,*
  No. 07-CV-0245 (JFB) (AKT), 2009 WL 393640 (E.D.N.Y. Feb. 13, 2009) ........ 5-6

*MacDraw Inc. v. CIT Group Equip. Fin., Inc.,*
  157 F. 3d 956 (2d Cir. 1998) .................................................................................. 6

*NRA of Am. v. Cuomo,*
  No. 1:18-cv-0566, 2021 WL 964119 (N.D.N.Y. Mar. 15, 2021) ............................... 2

*O'Diah v. N.Y. City,*
  No. 02 CIV 274 (DLC), 2002 U.S. Dist. LEXIS 15507 (S.D.N.Y. Aug. 21, 2002) ... 4

*O'Shea v. Littleton,*
  414 U.S. 488 (1974) ................................................................................................ 3

*Papasan v. Allain,*
  478 U.S. 265 (1986) ................................................................................................ 7

*Pennhurst State Sch. & Hosp. v. Halderman,*
  465 U.S. 89 (1984) ................................................................. 7

*Peters v. Neroni,*
  598 F. App'x 797 (2d Cir. 2015) ........................................... 3

*Peters v. Noonan,*
  871 F. Supp. 2d 218 (W.D.N.Y. 2012) ................................. 1

*Port Dock & Stone Corp., v. Oldcastle Northeast, Inc, et al.,*
  507 F. 3d 117, 121 (2d Cir. 2007) ........................................ 5

*Ruotolo v. City of N.Y.,*
  514 F.3d 184 (2d Cir. 2008) ................................................. 6

*Peay v. Admin. for Children's Servs.,*
  No. 17-Cv-4562 (JGK), 2018 WL 2417848 (S.D.N.Y. May 29, 2018) ................... 8

*Smith v Everson,*
  No. CV-06-0791 (SJF) (AKT), 2008 WL 818512 (E.D.N.Y. Mar. 21, 2008) ........... 7

*State Emps. Bargaining Agent Coal. v. Rowland,*
  494 F.3d 71 (2d Cir. 2007) ................................................... 7

*Strachan v. Schweiger,*
  No. 10-CV-4527 (JFB)(WDW), 2011 WL 4056115 (E.D.N.Y. Sept. 12, 2011) ....... 6

*Will v. Mich. Dep't of State Police,*
  491 U.S. 58 (1989) ............................................................... 4

*Younger v. Harris,*
  401 U.S. 37 (1971) ............................................................... 3

**Statutes and Regulations**
42 U.S.C. § 1983 ..................................................................... 4
Civil Service Law § 75-b ...................................................... 7, 8
Fed. R. Civ. P. 8 .................................................................... 5
Fed. R. Civ. P. 15 .................................................................. 5
Fed. R. Evid. 201 ................................................................... 8

Labor Law § 740 ................................................................................................................. 5

## PRELIMINARY STATEMENT

This reply memorandum of law is submitted in further support of defendant OCA'S motion to dismiss the complaint, in response to certain claims raised in plaintiff's memorandum of law submitted in opposition, and in opposition to plaintiff's motion to amend the complaint. The Court is respectfully referred to defendant OCA's initial memorandum of law, dated March 12, 2021, for a full exposition of OCA's position on this motion to dismiss.

## ARGUMENT

### Point I: Defendant OCA Has Not Waived Its Sovereign Immunity.

Plaintiff argues that OCA has waived its sovereign immunity "because it actively participated in this litigation since it started ten (10) months ago . . . and has not previously raised this claim" (Pltf's Memo of Law, p. 8).[1] OCA has not waived its sovereign immunity. Parties to a federal court action cannot waive a lack of federal subject matter jurisdiction either by agreement or conduct. Peters v Noonan, 871 F. Supp. 2d 218. Objections to the federal court's subject matter jurisdiction may be raised by a party or by the court on its own initiative at any stage of the litigation. Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006).

In support of his claim that OCA has waived its sovereign immunity, plaintiff cites Bergemann v. R.I. Dep't of Env't Mgmt., 665 F.3d 336, 339 (1st Cir. 2011). This case is

---

[1] Plaintiffs' Memorandum of Law in Opposition to Defendant OCA's Motion to Dismiss will be delineated

inapposite. In <u>Bergemann</u>, the court held that "where a State voluntarily becomes a party to a cause and submits its rights for a judicial determination, it will be bound thereby and cannot escape the result of its own voluntary act by invoking the prohibitions of the 11th Amendment" (<u>citing</u> <u>Gunter v. Atl.C.L.R. Co.</u>, 200 U.S. 273, 284 (1906)). OCA has not voluntarily invoked federal jurisdiction. It is not appearing as a party seeking a judicial determination. OCA is an involuntary defendant seeking only to defend itself against claims brought by plaintiff. OCA has not waived its immunity simply be appearing to defend itself against plaintiff's claims. <u>NRA of Am. v. Cuomo</u>, No. 1:18-cv-0566, 2021 WL 964119, at *12-14 (N.D.N.Y. Mar. 15, 2021) ("New York has not unequivocally expressed waiver of immunity, nor has it waived this immunity simply by defending the claims against it. To hold otherwise would mean a waiver of sovereign immunity occurs every time a State appears in federal court to defend itself in litigation. Such a result is not supported by either case law or logic." <u>Nat'l Rifle Ass'n of Am.</u> at *13)

The fact that OCA did not raise its Eleventh Amendment immunity in opposing plaintiff's request for a temporary restraining order and preliminary injunction does not act as a waiver, inasmuch as a court's lack of subject matter jurisdiction can be raised at any stage, even on appeal. <u>Edelman</u>, 415 U.S. 651 OCA has not waived its Eleventh Amendment immunity and this Court therefore lacks subject matter jurisdiction.

---

throughout as "Pltfs' Memo of Law."

## Point II: <u>O'Shea</u> and <u>Younger</u> Abstention Apply.[2]

In its initial memorandum of law, OCA argues that to the extent that plaintiff seeks to have this Court monitor the state court's operational practices during the COVID-19 pandemic, abstention is warranted under <u>O'Shea</u> because the relief sought would require a significant intrusion into state court operations. <u>O'Shea</u>, 414 U.S. at 501. Plaintiff does not contest that <u>O'Shea</u> abstention is proper and does not oppose its applicability in this case. Accordingly, the Court should decline to exercise jurisdiction over Plaintiff's request to monitor the state court system during the pandemic.

Plaintiff contends that <u>Younger</u> abstention should bar the Court from entertaining his claim that the pending disciplinary proceeding was brought against him in retaliation for exercising his First Amendment rights. (Pltf's Memo in Opp. p.11). However, the claim that the disciplinary proceeding was brought for an unconstitutional purpose would necessarily entangle the Court in the merits of the disciplinary matter. Accordingly, as argued in the initial memorandum of law, this Court should decline to exercise jurisdiction because federal courts are required to abstain under <u>Younger</u> rather than interfere with an ongoing state disciplinary proceeding such as the one pending against plaintiff. <u>See</u> <u>Peters v. Neroni</u>, 598 F. App'x 797, 798 (2d Cir. 2015) (summary order); <u>see also</u> <u>Ingber v. N.Y. City Dep't of Educ.</u>, No. 14 Civ. 3942 (JMF), 2014 WL 2575780, at *4 (S.D.N.Y. June 9, 2014) (discussing the application of Younger to state disciplinary proceedings).

---

[2] <u>O'Shea v. Littleton</u>, 414 U.S. 488 (1974) and <i>Younger v. Harris</i>, 401 U.S. 37 (1971).

## Point III: OCA Is Not A Person Under 42 U.S.C. § 1983.

Plaintiff incorrectly suggest that OCA can be viewed as a person under section 1983. As Point III of OCA's initial memorandum of law makes clear, it is settled law that OCA is not a person under 42 U.S.C. § 1983. Neither the State nor its agencies may be sued under 42 U.S.C. §1983 because they are not considered "persons" covered by this statute. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989); O'Diah v. N.Y. City, No. 02 CIV 274 (DLC), 2002 U.S. Dist. LEXIS 15507, at *41 (S.D.N.Y. Aug. 21, 2002). Thus, plaintiff's claim for relief under 42 U.S.C. § 1983 fails.

## Point IV: Plaintiff has Failed to State a Viable Claim of "Imminent and Substantial Endangerment."

Plaintiff, asserts that he "has articulated 'imminent and substantial endangerment' as related to COVID-19 through the course of this litigation and the previously briefed motions with respect to an application for a Temporary Restraining Order (TRO) and Preliminary Injunction (PI)." (Pltf's Memo in Opp. p. 17). Plaintiff does not, however, cite any statute, regulation, or any other legal authority under which OCA might conceivably be held liable for "imminent and substantial endangerment." Plaintiff's bald assertion that this purported cause of action relates to his earlier application for a TRO and PI application does nothing to validate it as a viable cause of action, in any event that requested relief was denied.

Plaintiff argues that "the complaint has been sufficiently pleaded to put Defendants on notice of the Plaintiffs claims (Pltfs' Memo in Opp. p. 17)." The

4

complaint does not meet the notice requirement of Federal Rules of Civil Procedure Rule 8. Plaintiff's "factual allegations must be enough to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Port Dock & Stone Corp., v. Oldcastle Northeast, Inc, et al.,</u> 507 F. 3d 117, 121 (2d Cir. 2007) (citing <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S. 544, 555 (2007). His bare assertion of "imminent and substantial endangerment" cannot be deciphered to provide notice of an identifiable, much less cognizable cause of action.   Accordingly, to the extent "imminent and substantial endangerment" can be deemed a claim at all, it should be dismissed.

### Point V: Plaintiff Concedes That His Labor Law § 740 And OSHA Claims Are Not Legally Cognizable.

In his opposition, plaintiff concedes that relief under Labor Law § 740 is not applicable to public employees (Pltf's Opp. p. 18), thus abandoning this claim. Plaintiff also does not dispute that he lacks standing to bring a claim under OSHA. Therefore, since he admittedly cannot bring an OSHA claim, this claim must be dismissed.

### Point VI: Leave to Amend Should Be Denied.

Under Rule 15(a) "a party may amend its pleading once as a matter of course ... before being served with a responsive pleading. . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). "Indeed it is within the sound discretion of the district court to grant or deny leave to amend." <u>Jackson v. County of Nassau</u>, No. 07-CV-0245 (JFB) (AKT), 2009 WL 393640

at *1 (E.D.N.Y. Feb. 13, 2009) (citing McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007)).  In considering whether to grant or deny a motion seeking to amend, a court considers factors such as undue delay, prejudice to defendants, and futility of the proposed amendments. Ruotolo v. City of N.Y., 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178 (1962)); MacDraw Inc. v. CIT Group Equip. Fin., Inc., 157 F. 3d 956, 962 (2d Cir. 1998); Jackson v. County of Nassau, 2009 WL 393640, at *2; Harrison v. NBD, Inc, 990 F. Supp. 2d 179, 184 (E.D.N.Y. 1998).

Plaintiff's request for leave to amend the complaint should be denied as futile. See Jackson v. Abernathy, 960 F.3d 94, 99 (2d Cir. 2020) (affirming the denial of leave to amend where the "proposed amended complaint would be futile").  Plaintiff seeks leave to amend his complaint: "to clarify and specifically state that Judge DiFiore is sued in her official and individual capacity;" to further articulate his imminent and substantial harm allegations; to replead his purported "whistleblower" claim; and to add additional allegations to his Public Nuisance claim (Pltf's Memo in Opp., pp. 16-17, 22).

Leave to amend should be denied as futile where the proposed amendment would do nothing to overcome the absence of subject matter jurisdiction. Jackson v. Estate of Williams, No. 10 Civ.1958, 2011 13323542, at *4 (E. D. N. Y. April 12, 2011) ("A motion to amend a complaint may be denied as futile where the proposed amendment does 'not cure the original complaint's deficiencies...by providing a basis for subject matter jurisdiction[.]'"); Jackson v. County of Nassau, 2009 WL 393640, at *4-5; see, e.g., Strachan v. Schweiger, No. 10-CV-4527 (JFB)(WDW), 2011 WL 4056115, at *3

(E.D.N.Y. Sept. 12, 2011); <u>Smith v Everson</u>, No. CV-06-0791 (SJF) (AKT), 2008 WL 818512, at *5 (E.D.N.Y. Mar. 21, 2008).

None of plaintiff's proposed amendments would be sufficient to subject OCA to the subject matter jurisdiction of this Court. It is settled law that OCA is entitled to Eleventh Amendment Immunity. The Eleventh Amendment bars suits against a State in federal court, regardless of the relief sought, unless the state has consented to be sued or Congress has legislatively overridden the state's Eleventh Amendment immunity. <u>State Emps. Bargaining Agent Coal. v. Rowland</u>, 494 F.3d 71, 95 (2d Cir. 2007); <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 100-01 (1984). This bar exists whether the relief sought is legal or equitable. <u>Papasan v. Allain</u>, 478 U.S. 265, 276 (1986). As argued previously, the Eleventh Amendment acts as an absolute bar against all of plaintiff's claims against OCA. Plaintiff's proposed attempt to clarify the capacity in which Chief Judge DiFiore is sued, and to bolster his allegations of imminent danger and public nuisance, cannot resuscitate any of his claims arising from those allegations to the point that OCA's Eleventh Amendment immunity would be overcome. Because the Court would lack subject matter jurisdiction over these claims, even as amended, amendment would be futile and leave to amend should be denied.

In addition, Plaintiff's request to replead his alleged "whistleblower" claim this time under Civil Service Law § 75-b should also be denied as futile because such a claim cannot be brought by a public employee who is covered by a collective bargaining agreement that contains disciplinary procedures.

7

Civil Service Law § 75-b prohibits a public employer from dismissing or taking disciplinary action against a public employee for disclosing to a governmental body information regarding a statutory or regulatory violation that creates (or which the employee reasonably believes creates) a substantial and specific public health or safety danger. Leaving aside that plaintiff's request to replead does not assert that he disclosed any such information to a governmental body in advance of the disciplinary charges against him, and thereby lacks a necessary element of such a claim, section 75-b (3) precludes an employee from bringing a claim under this section if the employee is "subject to dismissal or other disciplinary action under a ...disciplinary procedure contained in a collectively negotiated agreement." Civ. Serv. L. §75-b (3) (a).

Here, plaintiff is a public employee who is subject to a disciplinary procedure contained in a collective bargaining agreement.[3] He is therefore not entitled to file suit in any court to enforce any right he might have under section 75-b. See Peay v. Admin. for Children's Servs., No. 17-Cv-4562 (JGK), 2018 WL 2417848, at *3 (S.D.N.Y. May 29, 2018) (citing Morales v. City of N.Y., No. 14 Civ. 7523 (JGK), 2017 WL 427714, at *4 (S.D.N.Y. Sept. 25, 2017). Accordingly, leave to replead to add a §75-b claim should be denied as futile.

---

[3]The Court can take judicial notice of the collective bargaining agreement because it is a public document. Fed. R. Evid. 201 (b); see Cox v. Perfect Bldg. Maint. Corp., No. 16-CV-7474 (VEC), 2017 WL 3049547, at *3 (S.D.N.Y. July 18, 2017). The relevant portions of the Collective Bargaining Agreement between the New York State Unified Court System and the New York State Court Officers Association is annexed as Exhibit 1 to the Declaration of Lisa M. Evans. The Agreement's disciplinary procedures is contained at pp. 64-69.

8

## CONCLUSION

For the reasons set forth herein, and in its initial motion papers, OCA respectfully requests that the Court deny Plaintiff's motion to amend, dismiss the complaint with prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 14, 2021

> EILEEN D. MILLETT
> Counsel
> *Attorney for Defendant OCA*
> Office of Court Administration
> 25 Beaver Street - 11th Floor
> New York, New York 10004
> (212) 428-2150
>
> By: _____
>        Lisa M. Evans
>        Assistant Deputy Counsel

9